**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **Monte Albert,** *Plaintiff* | § § § § § § § § § § § | |
| **v.** | | |
| **Velva L. Price, Travis County District Clerk,** *in her official capacity as Travis County District Clerk*, **and Unknown Clerk Staff 1-5,** *Defendants* | | **1:25-CV-01997-ADA-SH** |

**<u>ORDER</u>**

Now before the Court are Plaintiff's Motion for Recusal (Dkt. 4), filed December 5, 2025; Plaintiff's Second Application to Proceed *In Forma Pauperis* and Financial Affidavit in Support (Dkt. 7), filed January 10, 2026; and Plaintiff's Motion for Expedited Consideration (Dkt. 8), filed January 30, 2026.

## I.    Motion to Proceed *In Forma Pauperis*

Plaintiff requests leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1). Federal courts "may authorize" the commencement of any suit without prepayment of filing fees if the movant demonstrates that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The applicant need not be "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Rather, courts focus on whether the movant can afford the costs of the suit without suffering "undue financial hardship" such as the deprivation of the necessities of life. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "To determine whether a particular order causes undue financial hardship, a court must examine the financial condition of the *in forma pauperis* applicant. This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are

discretionary or mandatory." *Id.* A district court's determination of whether a party may proceed *in forma pauperis* must be based solely upon economic criteria. *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024).

Plaintiff states in his affidavit that his net total monthly income is $3,669.33 ($2,835 from his rideshare job, $800 in rental income, and $34.33 in interest and dividends), his total monthly expenses are $2,742.88. Dkt. 7 at 1-5. Plaintiff also avers that he owns a house and automobile, and has $25,181.08 in a brokerage account, $121,045.36 in retirement and education investment accounts, $41,161.67 in a 529 educational savings account, and $6,062.88 in his bank account. *Id.* at 3. Plaintiff's affidavit demonstrates that he will not suffer undue financial hardship or be denied the necessities of life if he has to pay the filing fee in this case. Accordingly, the Court **DENIES** Plaintiff *in forma pauperis* status.

## II.    Motion for Recusal

Plaintiff also brings a motion to disqualify this Court under 42 U.S.C. § 455(a), which requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." To obtain recusal under § 455, a movant must show that a reasonable person, knowing all the circumstances, "would harbor doubts about the judge's impartiality." *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1165 (5th Cir. 1982). A recusal motion under § 455 is committed to the sound discretion of the district judge. *Id.*

Plaintiff argues that this Court is impartial because it made adverse rulings against him in an unrelated suit Plaintiff previously filed in this Court. *See Albert v. U.S. Dep't of the Army*, No. 1:25-CV-1497-ADA-DH, at Dkt. 27 (W.D. Tex. Dec. 4, 2025). Adverse rulings, without more, do not warrant disqualification under § 455. *Mandawala v. Ne. Baptist Hosp., Counts 1, 2, & 11*, 16 F.4th 1144, 1156 (5th Cir. 2021). Other than his conclusory allegations, Plaintiff fails to show how

this Court's prior rulings "would harbor doubts about the judge's impartiality" in this case. *Chitimacha Tribe*, 690 F.2d at 1165. Because Plaintiff has articulated no sufficient basis for recusal under § 455, the Court **DENIES** his motion for recusal.

### III.    Conclusion

In sum, the Court **DENIES** Plaintiff's Motion for Recusal (Dkt. 4) and Second Application to Proceed *In Forma Pauperis* (Dkt. 7). The Court **FURTHER DISMISSES** Plaintiff's Motion for Expedited Consideration (Dkt. 8) as moot. Plaintiff must pay the $405 filing fee by **February 13, 2026** in order to proceed with this litigation. Failure to do so will result in the dismissal of this suit.

**SIGNED** on February 3, 2026.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE